(February 10, 2006)

■ In the Matter of JEFFREY TOBACK et al., Respondents, v PETER SCHMITT et al., Appellants, and COUNTY OF NASSAU et al., Respondents. [809 NYS2d 172]—

In a hybrid proceeding pursuant to CPLR article 78, and an action for a judgment declaring, inter alia, that the election of Peter Schmitt as the Presiding Officer of the Nassau County Legislature on January 25, 2006, was null and void, Peter Schmitt, John Ciotti, Denise Ford, Francis X. Becker, Jr., Vincent Muscarella, Richard Nicolello, and Francis X. Moroney appeal, Norma L. Gonsalves, Dennis Dunne, Sr., and Edward Mangano separately appeal, and Roger Corbin and Lisanne Altmann also separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Nassau County (Spinola, J.), dated January 31, 2006, as declared that the election of Peter Schmitt as the Presiding Officer of the Nassau County Legislature on January 25, 2006, was null and void.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Nassau County Charter (L 1936, ch 879; Local Law No. 11 [1994] of Nassau County; hereinafter the Charter) requires the County Legislature to choose a Presiding Officer and Minority Leader from among its 19 members (*see* Charter § 106 [1]; *see also* Charter §§ 102, 104). At a duly-convened meeting held for this purpose on January 25, 2006, nine Republican legislators cast their vote for Peter Schmitt, eight Democratic legislators voted for Kevan Abrahams, and two Democratic legislators voted for Roger Corbin. The issue on appeal is whether Peter Schmitt can be elected Presiding Officer with only a plurality of the vote. The Supreme Court held that he cannot, and we agree.

While the Charter provides that the Minority Leader shall be the legislator receiving "the second greatest number of votes cast in the election of the [P]residing [O]fficer," provided the two are enrolled in different parties at the time of election (Charter § 106 [3]), it is silent as to the number of votes required to select the Presiding Officer. The appellants contend that, by implication, the member who receives the greatest number of votes shall be designated the Presiding Officer. The respondents contend that the votes of a majority of all the legislators are required.

Charter § 105 (1) provides that the County Legislature shall act only by ordinance, resolution, or local law and that "[n]o ordinance, resolution or local law, except resolutions relating to procedure . . . shall be passed by the County Legislature by less than ten affirmative votes, unless otherwise provided in this act." Acting pursuant to Charter § 105, the Legislature adopted Rules of Procedure (hereinafter the Rules). Rule IV (A) (2) simply states that "an ordinance, resolution or local law will require the affirmative vote[s] of ten (10) members to be passed by the County Legislature," making no reference to, or exception for, procedural resolutions. Further, while the Legislature has adopted other procedural rules designating voting requirements for certain specified actions, no such rule permits the Legislature to act by a mere plurality. On the contrary, the required votes are in the nature of super majorities (*see e.g.* Rule XIII [A] requiring affirmative votes of 12 members to suspend a rule, and Rule XIII [B] requiring affirmative votes of 13 members to amend rules governing the composition of standing committees and budget allocations).

Thus, despite the fact that the Legislature has traditionally, unanimously ratified the election of a Presiding Officer by means of a "Procedural Resolution," which, contrary to other resolutions, is not subject to approval or veto by the County Executive (Charter § 107), there is no authority in the Charter or

the Rules for the election of a Presiding Officer by less than 10 affirmative votes.

We also note that both County Law § 153 (4) and Robert's Rules of Order, ch XIII, § 43 (9th ed) (*see* Rule VI [A] [5]), which would govern the procedure for election of a Presiding Officer in the absence of a charter provision or legislative rule to the contrary, compel the same result, namely, that Peter Schmitt lacked the majority vote necessary for election as Presiding Officer. Florio, J.P., Miller, Crane and Ritter, JJ., concur.